United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 7, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-10502
Summary Calendar

SHAHLA POURGHOLAM,

Plaintiff-Appellant,

versus

ADVANCED TELEMARKETING CORPORATION,
d/b/a AEGIS COMMUNICATIONS GROUP, INC.

Defendant-Appellee.

--------------------
Appeals from the United States District Court
for the Northern District of Texas
(3:01-CV-2764-H)
--------------------

Before KING, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Shahla Pourgholam, proceeding pro se, appeals myriad rulings of the district court, including summary judgment dismissals of some claims and dismissal of others based on a jury verdict unfavorable to Pourgholam. The plethora of claims advanced by Pourgholam against Defendant-Appellee Advanced Telemarketing Corporation ("ATC") may be broadly categorized as workplace or employment discrimination involving, variously, harassment, hostile environment, supervisor harassment complaints, retaliation, and on and on, implicating national origin, race, and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sex. We have patiently waded through Pourgholam's multifarious allegations, conclusional statements, and largely contradicted assertions; and we have carefully reviewed the many rulings of the district court, whether evidentiary, summary judgment, or the like. In the end, we are convinced that the district court committed no reversible error in any of its dispositions of the issues presented.

Moreover, our combing of the record on appeal and our review of the applicable law, as presented in the brief of ATC on appeal and on the basis of our own independent research, convinces us beyond peradventure that —— separate and apart from her filing and prosecution of this action in the district court —— Pourgholam's appeal to this court is wholly lacking in merit and thus is frivolous as a matter of law. But for Pourgholam's pro se status, we might well have addressed the issue of sanctions for a frivolous appeal on our own motion. Pourgholam is cautioned that any further prolongation of this contumacious litigation could expose her to sanctions.

APPEAL DISMISSED.